WILLIAM L. HUSE, *et al.*, Respondents, *vs.* GEORGE McQUADE, Appellant.

1. *Evidence.—Contracts in writing—Parol testimony affecting.*—Parol testimony is inadmissible to vary the *language* of a written contract ; no other *words* are to be added to it, or substituted in its stead.

### *Appeal from St. Louis Circuit Court.*

*Stewart & Wieting*, for Appellant, cited : Weston vs. Emes, 1 Taunton, 115 ; Wright vs. Smith, 16 Gray, 499.

*H. Barry*, for Respondents, cited : McDonald vs. Longbottom, 1 Ellis & Ellis, 977 ; 1 Greenleaf Ev., §§ 285, 297.

EWING, Judge, delivered the opinion of the court.

This was an action to recover a balance claimed to be due for ice sold and delivered by plaintiff to defendants. The answer admitted the delivery of the ice, and that the price had not been paid ; and it is further alleged, that a contract in writing was entered into between the parties to the suit, by which the plaintiffs were to deliver to the defendant a certain quantity of ice during the year 1870 at a stipulated price, and that plaintiffs failed to perform the contract on their part, by reason of which the defendant was damaged $1,000. Plaintiffs say in reply, that the contract referred to in the answer, although bearing date May 1, 1870, was actually entered into verbally on the 13th of April of that year, and before any ice was delivered, with the understanding that it was thereafter to be reduced to writing, and that defendant was to give security for performance on his part ; that they commenced the delivery of the ice on the 14th of April, and continued to so deliver it until they had fully complied with the contract, except as to a small quantity about which there is controversy here.

The trial, which was by a jury, resulted in a verdict and judgment for the defendant for $140. This judgment was reversed at General Term, and the defendant brings the cause to this court by appeal.

The only ruling of the court assigned for error is in refus-

Huse, et al. v. McQuade.

ing the offer of plaintiff to show that the contract was made April 13th 1870, by parol, and that it was to be subsequently reduced to writing, and that ice was delivered until it was reduced to writing. The contract was read in evidence, and bears date May 21, 1870. It provides substantially, that the plaintiffs, in consideration of a certain price therein named, were to deliver to the defendant daily for his trade, as he required it, 200 tons of ice during the year 1870. This suit is for a balance claimed to be due for ice delivered in October and November.

The evidence offered did not tend to show a *different* contract from that read in evidence, nor to contradict it. Its effect was to show, that the agreement between the parties, of which the writing was the evidence, had been in fact made previously to the time the writing bears date. Its purpose was to prove the true date of the transaction, which according to an understanding then had, was to be reduced to writing afterwards, and that the plaintiff entered upon its performance immediately thereafter, and continued the delivery of ice under it, until it was fully complied with. The defendant alleged a breach of the contract in the failure of the plaintiffs to deliver the quantity of ice called for by it. The rejected evidence tended to rebut the testimony given in support of the averment, and to prove performance on the part of the plaintiffs. The admission of this testimony would not have contravened the rule which forbids the contradiction or the varying of the terms of written instruments by oral evidence. The rule is directed only against the admission of any other evidence *of the language* employed by the parties in making the contract, than that which is furnished by the writing itself—no *other words* are to be added to it, or substituted in its stead. (1 Greenleaf Ev., § 277.)

Judgment of the General Term, reversing the judgment at Special Term, is affirmed. The other Judges concur, except Judge Sherwood who is absent.