————o————

HARRIETT DEVORSE, Respondent, *vs.* JOHN SNIDER, *et al.*, Appellants.

1. *Equity—Jurisdiction—Dower—Fraud.*—Courts of equity have jurisdiction of actions to set aside conveyances obtained by fraud, and to secure assignment of dower.

2. *Land and land titles—Deed obtained without knowledge of grantor—Assent presumed after knowledge of record and acquiescence in occupation by grantee.*—*Semble*, that although the grantor in a deed does not actually deliver it to the grantee, yet if he is afterwards aware of its being recorded, and of occupation of the land by the grantee for a long period of years, his assent may be presumed.

3. *Conveyances—Married women—Acknowledgment—Delivery.*—The consent of a married woman to the delivery of a deed executed by her, is evinced by her acknowledgment, which is the only way known to our law by which the consent of a *femme covert* can be exhibited.

*Appeal from Holt Circuit Court.*

*T. H. Parrish,* for Appellants.

I. The plaintiff cannot recover in this form of action. She could only sue at law for maintenance or possession, upon failure of John Devorse or his representatives to perform the conditions of the contract. (Moore vs. Wingate, 53 Mo. 339–441, and authorities cited; Messersmith vs. Messersmith, 22 Mo., 370; Livingston vs. Tompkins, 4 Johns. Ch. R., 415.)

If the facts set up in plaintiff's petition are true, *i. e.* if her husband died seized of the land, and she has not relinquished her dower therein, then her right to dower upon the death of her husband became absolute, and her right of action in law for the admeasurement thereof or for possession was complete, and her rights in the premises could not be aided or in any manner affected by a court of equity. (Wagn. Stat., 538, §§ 121–4, 127.)

II. Admitting that the deed was not delivered, and that John Devorse, in his life-time, entered upon condition which was never performed, then the title of the land was never vested in him and the title never passed, and the plaintiff had a complete and adequate remedy at law, for the admeasurement of dower. If she had a complete and adequate remedy at law, she cannot invoke the aid of a court of equity. See authorities above cited. (Maguire vs. Tyler, 47 Mo., 115–129; Peak vs. McLaughlin, 49 Mo., 162; Janney vs. Spedden, 38 Mo., 395.)

III. A grantor will not be permitted to put his grantee in possession of real estate under contract, stand by, and permit him to expend money in making improvements, receive the consideration for the land sold, and then treat the whole transaction as a nullity and recover back the land. (Grumley vs. Webb, 48 Mo., 562; Herriford vs. National Bk. of Mo., 53 Mo., 330; Taylor vs. Zepp, 14 Mo., 482; Newman vs. Hook, 37 Mo., 207; Bunce vs. Beck, 46 Mo., 327; St. Louis Gas Light Co. vs. St. Louis, 46 Mo., 121.)

*S. W. Collins,* for Respondent.

I. As this action was brought by plaintiff to have the deed of Daniel Devorse and plaintiff, his wife, cancelled upon the ground of fraud, a court of equity, and no other, has jurisdiction.

II. The plaintiff had a right to bring her action in chancery to have this deed set aside so that she might afterwards proceed at law to have her dower assigned in the premises. (Davis vs. Davis, 5 Mo., 184; Tucker vs. Tucker, 32 Mo., 464; Teubner vs. Moller, 12 Mo., 528; 18 Mo., 389; 1 Sto. Eq. Jur., 628.)

III. An action for dower is not barred by statute of limitations. (See 32 Mo., p. 357.)

The husband, Daniel Devorse, had no right to deliver or acquiesce in the delivery of said deed when it was contrary to the stipulation upon which plaintiff had been induced to sign and acknowledge it.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff is the widow of Daniel Devorse, deceased, and brought her action to set aside a deed to certain land.

This deed bears date and is acknowledged in January, 1853, recorded in 1859, is in the usual form of deeds with covenants of general warranty, and expresses a consideration of $200.

The petition charges that this deed was executed and acknowledged by the decedent and herself, and was made in pursuance of a parol contract between her husband and herself and John Devorse, now deceased, a son of her husband, that the son and grantee should, before the deed was delivered to him, enter into a bond to keep and maintain his father and herself during their natural lives; that the grantee never executed the bond, nor provided for their maintenance; that the deed was never delivered, but remained in the possession and control of the grantors, for a long time after its execution, and until the grantee secretly and fraudulently obtained posses-

sion thereof and placed the same on record without the knowledge or consent of either plaintiff or her husband; and that by reason of the premises she was entitled to dower in the land and the equitable relief prayed for.

The defendants are Mary Snider, widow of John Devorse, deceased, and John Snider, with whom she has intermarried since the death of her husband, and Mary and Levi Devorse, jr., minor children and only heirs at law of John Devorse, deceased.

The adult defendants answered, denying the chief allegations of the petition, as to the promised execution of the bond referred to, and as to the non-delivery of the deed, and as to its having been fraudulently obtained, etc.; and as a further defense it was alleged in the answer, that the deed in question was executed and delivered by Daniel Devorse, deceased, and plaintiff, to John Devorse, deceased, in consideration that the latter would discharge certain debts then owed by his father, and would support during their natural lives his father and plaintiff; that these agreements, as to the payment of the father's debts, had been fully complied with during the lifetime of John Devorse, deceased, who, while he lived, provided both his father and plaintiff a good and comfortable living; and after the death of John Devorse the plaintiff was offered both by Mary Snider and her present husband a like good and comfortable home and living, but she refused to accept the same.

Peaceable possession of the land under the deed for over the period prescribed by the statute of limitations by John Devorse, under whom defendants claimed, was also alleged.

The plaintiff denied the allegations of this answer in her reply.

A guardian *adlitem*, it would seem, was appointed for the infant defendants, but no answer on their behalf was filed; in fact, judgment by default was taken against them.

The court rendered a decree in favor of plaintiff, finding, "that said Daniel Devorse at the time said deed was made, was the owner in fee simple of said land, and plaintiff was in-

duced to sign and acknowledge said deed upon the representations and understanding that she and her husband were to be supported off said place by said John Devorse, and that said deed was not to be delivered or go into effect, until the conditions were complied with, and said John Devorse, secretly and unknowingly, fraudulently obtained possession of said deed, so far as plaintiff was concerned; that the court does further find, that said deed was valid and binding so far as Daniel Devorse was concerned; and that all the interest which said Daniel Devorse then had in said lands, passed by virtue of said deed to said John Devorse."

It was further found "that plaintiff's right of dower in and to said lands did not pass by virtue of said deed," and it was accordingly ordered adjudged, etc., that the deed was fraudulent and void as to plaintiff's right of dower, and was to be for naught held so far as concerned that right and its enforcement.

There is no doubt but that courts of equity in cases of this character have jurisdiction. (Davis vs. Davis, 5 Mo., 183; Swaine vs. Perine, 5 Johns. Ch., 482.)

And the doctrine is broadly asserted, that courts of equity, aside from cases involving accident, mistake, or fraud, have concurrent jurisdiction with courts of law in all cases of dower. (1 Sto. Eq. Jur., § 626.) How far this doctrine is susceptible of qualification, owing to the existence of special statutory regulations, it is unnecessary now to determine. It is enough to say that there is no validity in the objections which have in the present instance been raised to the petition on the score of jurisdiction.

The court below in effect found that the deed was delivered with the consent of Daniel Devorse; and the testimony, although not showing an actual delivery by him of the deed, yet shows that after ascertaining that it had been recorded, his assent thereto was evinced in a variety of ways, for a long period of years, during which time John Devorse cultivated and improved the place and acted as its owner, if a preponderance of the testimony furnishes any guide to such conclu-

sion; And the consent of the plaintiff to the delivery of the deed, was shown by her acknowledgment thereof; the only mode known to our law whereby such consent on the part of a *femme covert* can be exhibited. (1 Wagn. Stat., p. 275, §§ 13, 14.)

It was therefore wholly immaterial whether the plaintiff, after duly acknowledging the deed, gave her subsequent verbal assent to its being recorded, or whether such recording took place without her knowledge.

It is not intended to deny that circumstances might arise in which a court of equity would feel impelled to interfere, when an attempt was being made to defraud a wife of her dower—for dower is favored in equity as well as at law;—but such a state of facts is not presented by the evidence before us. There are, it is true, some circumstances not altogether free from suspicion attendant on the recording of the deed, as shown by the expressed wish of John Devorse to keep the fact of the deed having been put to record a secret; but there were so many motives which may have prompted the grantee to secrecy, that we will not assume from that circumstance alone that the design was in contemplation of defrauding the plaintiff of her dower, and it is only upon this theory that the decree of the trial court can be upheld.

The testimony tends strongly to show that the deed in question was made to defraud the creditors of the grantor, as shown by his repeated declarations to that effect; but this affords no ground for declaring the deed inoperative to pass dower.

Nor could we uphold the decree entered below, even were it based on the theory of the defendant's answer, as it does not appear from the testimony of any witness when the contract referred to was made, nor with any degree of certainty, what were its terms. If made subsequently to the delivery, as it certainly was subsequently to making the deed, it would, aside from any objections which readily occur in reference to the statute of frauds, be void for lack of consideration. If on the other hand, the supposed contract were made at the same

time as the deed, the admission of the former would over-throw the rule which forbids the incorporation of a contemporaneous and incongruous parol agreement with the terms of a written instrument. (Huse vs. McQuade, 52 Mo., 388; 1 Greenl. Ev., § 277.)

Again, the finding of the court shows that a contract, utterly incapable of performance, was entered into between the contracting parties; for, if the " deed was not to be delivered or go into effect until the conditions were complied with," and those conditions could not be. fulfilled till the death of both plaintiff and her husband, it is extremely difficult to see who would perform the friendly office of delivering the deed to the grantee. (3 Washb. R. Prop., p. 254, 20a.)

Judgment reversed. All concur.