# SUPREME COURT

OF

## The State of Missouri

AT THE

## APRIL TERM, 1884.

---

MILLER *et al.*, *Appellants*, v. LULLMAN, *Administrator, et al.*

**Deed, Delivery of.** M. and wife, by deed duly executed, acknowl-
edged and delivered, conveyed certain premises to a trustee for the
separate use of his wife; on the same day M. and wife, and the
trustee, executed a quit-claim deed for the same premises to one K.,
who, on the same day also executed a quit-claim deed for the same
premises back to M. The deed ,by M. and wife to the trustee was
recorded on the day of its execution, while the other deeds were not
recorded, but were retained by M., and were found among his pa-
pers after his death. The evidence as to the circumstances attend-

ing the execution of the deeds, showed that it was M.'s purpose, known and assented to by all the parties thereto, to divest himself of the title for the benefit of his wife, and at the same time to reserve to himself the power, at his pleasure, to re-invest the title in himself, and that the deeds from M. and wife to the trustee, and from the latter to K., were not to be regarded as delivered until M. should record them; *Held*, that there was no delivery to K. of the deed to him, and that the trustee for the wife of M. was not divested of the legal title.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Overall & Judson* for appellants.

The deed from Mrs. Miller and Mead was duly executed, and conveyed the title, both legal and equitable, to the premises in controversy. *Lincoln v. Rowe*, 51 Mo. 574; *Siemers v. Kleeburg*, 56 Mo. 197. The deed from Mrs. Miller and Mead to Kerr was duly acknowledged. The certificate of acknowledgment is not affected by the " relinquishment of dower " contained in it. *Chauvin v. Wagner*, 18 Mo. 531; *DeLassus v. Poston*, 19 Mo. 425. The deed from Mrs. Miller and Mead was delivered to Kerr. *Gould v. Day*, 94 U. S. 112; *Jackson v. Cleaveland*, 15 Mich. 101; *Somers v. Pumphrey*, 24 Ind. 240; 3 Washburn Real Prop., (4 Ed.) p. 285; Martindale on Conveyancing, p. 174; *Kane v. Mc-Cown*, 55 Mo. 198; *Devorse v. Snider*, 60 Mo. 240; *Huey v. Huey*, 65 Mo. 695. The deed from Kerr to Miller was duly executed, acknowledged and delivered. *Ward v. Lewis*, 4 Pick. 520; 3 Washburn Real Prop., (4 Ed.) p. 294; Martindale on Conveyancing, p. 174. The possession by Miller, the grantee, of the deeds was absolute, not in *escrow*. 3 Washburn Real Prop., (3 Ed,) pp. 267, 241. The legal effect of the deeds thus executed, acknowledged and delivered, was to vest the title to the lands in Geo. C. Miller, and at whose decease intestate said title was cast upon the heirs. The quit-claim deed was as operative to convey the title as any other. 3 Washburn Real Prop., (4 Ed.) p. 357; *Kyle*

*v. Kavanaugh*, 103 Mass. 380 ; Martindale on Convey., § 59 ; Tiedeman on Real Prop., p. 598 ; *Pugh v. Chesseldine*, 11 Ohio 109 ; *Chapman v. Sims*, 53 Miss. 169. Cited approvingly in *Fox v. Hall*, 74 Mo. 317. The non-recording of the deeds was, *inter partes*, wholly immaterial. *Maupin v. Emmons*, 47 Mo. 306 ; 3 Washburn Real Prop., (4 Ed.) 316 ; Martindale on Conveyancing, p. 228 ; *Harrington v. Foltner*, 58 Mo. 473. Nor could recital of consideration be contradicted to impeach the title conveyed by the deeds. *Poe v. Domic*, 48 Mo. 442 ; *Martin v. Jones*, 59 Mo. 181. Nor is it material as to title conveyed, that the deeds were executed on same occasion in order of succession of title. The "construction together" " as one transaction " of the three deeds, is fatal to the claim of Mrs. Miller. 15 Sim. 76 ; 6 DeG. M. & G. 43 ; 11 Abb. (N. S.) 150. The title having been thus re-vested in Miller by the deeds, duly executed and delivered, the oral declarations of Miller were inadmissible to contradict the legal effect of the deeds, and to establish an alleged intended execution " of a marriage settlement with power of revocation." There was no "antenuptial promise." 29 Ark. 407 ; 5 Johns. Ch. 12. The testimony was insufficient to establish the alleged " intent." The conveyances cannot be assailed in the appellate courts on the ground of fraud, duress or undue influence exerted upon Mrs. Miller, no such defense having been made in the circuit court, and the facts sustaining no such defense. *St. Louis, etc., v. Bagnell*, 76 Mo. 554 ; 2 Lead. Cases, p. 1215 ; *Handy v. Van Harlington*, 7 Ohio St. 208 ; *McMahon v. Ryan*, 8 Harris (Pa.) 329 ; *Hollis v. Francois*, 5 Tex. 195. The petition was properly framed, and presented a case for equitable relief. 3 Pomeroy Eq. Juris., § 1398, and cases cited.

*Henry Hitchcock* for respondent.

The conveyance by Miller and wife and her trustee to Kerr, never took effect by delivery. No deed can take effect without delivery, and there is no delivery if the deed

remains within the control or subject to the authority of the grantor, or if it be in the hands of a third person as his mere agent, and subject to his directions. *Huey v. Huey*, 65 Mo. 689, 695; *Cook v. Brown*, 34 N. H. 464; *Younge v. Guilbeau*, 3 Wall. 636; *Duer v. James*, 42 Md. 492; *Com. B'k v. Reckless*, 1 Halst. Ch. (N. J.) 430; *Prustman v. Barker*, 30 Wis. 651; *Jones v. Bush*, 4 Harrington 7; *Ward v. Ward*, 2 Hay. (N. C,) 226; *Clayton v. Liverman*, 4 Dev. & Bat. (L. R.) 239; *Sutwell v. Hubbard*, 20 Wend. 44; *Maynard v. Maynard*, 10 Mass. 456; *Burnett v. Burnett*, 40 Mich. 361.

HENRY, J.—Plaintiffs filed their petition in the circuit court of St. Louis, praying that the title to certain real estate therein described, be adjudged to have been vested in Geo. C. Miller by certain conveyances therein mentioned, and now in plaintiffs, as his heirs at law, subject to administration and the widow's right of dower. The facts alleged upon which that decree is asked are, that on the 26th of February, 1879, Geo. C. Miller and his wife, the defendant, Kate C. Miller, by deed duly executed, acknowledged and delivered, conveyed said real estate to A. W. Mead, in trust, for the sole and separate use of said Kate C. Miller. That on the same day Mead and Miller and wife executed a quit-claim deed of the same to Robt P. Kerr, who on the same day executed a quit-claim deed, conveying said property to Geo. C. Miller. The deed to Mead was recorded February 27th, 1879, while neither of the other deeds was ever recorded, but were found by defendant, Mrs. Miller, among her husband's papers after his death which occurred in Louisville, Kentucky, in June, 1879. That she refused to surrender the deeds, claiming the property as hers under the deed to Mead. The defendant, Lullman, filed an answer consisting of a general denial, and Kate C. Miller filed her separate answer, admitting the execution of the several deeds, but alleging that the deed to Kerr was never delivered to him, and that George C. Miller, with the view of retaining the power

to revoke the grant to Mead in trust for her, requested her and said Mead to join with him in the conveyance of said property to Kerr, and advised Kerr to execute a convey-ance to Geo. C. Miller of the said property. That he never executed the power of revocation, etc.

On the trial in the circuit court the three deeds were introduced in evidence. It was admitted that the deed to Kerr, and his to Miller, were in possession of the latter, at his death, neither having been recorded, and that Kate C. Miller was in possession of them when this suit was com-menced. The testimony of the defense, was that of Mrs. Benedict, sister of Mrs. Miller, and Mead and Kerr. Mrs. Benedict testified that she was intimate with Miller, who told her before his marriage with her sister, that he intended to convey the property to his wife, in order to protect her. Shortly before their marriage, he told the wit-ness he intended to give his wife the property as a bridal present. Mead testified that he was a lawyer. Identified the deeds, the first two having been prepared by him, and that of Kerr to Miller, having been written by Miller. That Miller was engaged with Mr. Jewett in some land litiga-tion, and that his property was advertised for sale under a fee bill, or execution for about $600, and he came from Louisville to St. Louis with his wife, and in a conversation with wit-ness, said he was tired of these land cases, and wanted to give his property to his wife, but said he wouldn't trust her, and asked witness how he could hold a control over her, and witness advised him to convey the property to some one in trust for her, and then he and wife and the trustee convey it to Bob Kerr, and he reconvey it to Miller. He followed this advice, and the deeds were all signed and acknowledged at Miller's room, at the Lindell Hotel. Kerr never took possession of the deed to him, but signed and acknowledged his deed to Miller, leaving the deed to himself on the table. Witness took all the deeds to the recorder's office and had the one to himself recorded, returning the others to Geo. C. Miller. Kerr testified that

Miller requested him to meet him at McCabe's office. Said he was going to give his property to his wife, and that she would give witness a quit-claim deed to the property which witness was to convey to Miller by quit-claim deed. *Miller said he wanted to hold the deeds and not record them, so that in case of difficulty with his wife, he could record them.*

The circuit court entered a decree in accordance with the prayer of the petition, but on appeal to the court of appeals the judgment was reversed and plaintiffs have appealed to this court. There was not sufficient evidence of such a marriage contract between Miller and his wife as would interfere with his absolute dominion over his property, subject only to her dower right. Therefore, if the deed to Kerr was not delivered to him by the grantors, it did not pass the title to the property, and it is unnecessary to consider the other questions ably and elaborately argued in the briefs of counsel. In order to ascertain whether there was a delivery of that deed or not, the intention of the parties in the entire transaction must be considered in connection with what they said and did. It is beyond question that Miller's purpose, known and assented to by all the parties, was to divest himself of the title for the benefit of his wife, reserving the power, at his pleasure, to re-invest in himself, and the method adopted was that suggested by his attorney, who was, also, the trustee of Mrs. Miller. The delivery to Kerr of the deed to him, and of that from him to Miller, would have defeated the object in view, and left the property just where it was on the morning of the day that the deeds were all executed and acknowledged.

The execution and acknowledgment of the three deeds was but one transaction, and it would have been useless and ineffective if the deed to Kerr had been delivered to him. Still, if it was in fact delivered, the title passed and we must give the deed its legal effect. Was it delivered? "It is requisite in every well made deed, that there be a delivery of it. The delivery must be either actual, by doing something and saying nothing; or else verbal, by saying

something and doing nothing, or it may be by both; but by one or both of these it must be made, for otherwise, though it be never so well sealed and written, yet is the deed of no force." *Jackson v. Phipps*, 12 John. 421. " The delivery of a deed is completed when the grantor has parted with the dominion over it, with intent that it shall pass to the grantee, provided the latter assent to it, either by himself or by his agent." Greenleaf Ev., § 297; *Huey v. Huey*, 65 Mo. 690; *Cook v. Brown*, 34 N. H. 460. Kerr never had possession of the deed. It is not proved that he ever examined or saw it. The grantors never told him to take possession of it. He signed and acknowledged the deed to Miller, and immediately left the room in which the transaction took place, never having had possession or control of the deed in question or authority to take it. The very object and intent of the transaction was inconsistent with a delivery of the deed to Kerr, and consistent with the retention of the possession of, and dominion over the deed by Miller. But it is contended that the execution and delivery of the deed by Kerr to Miller, amounted to a delivery to Kerr of the deed to him. Such was manifestly not the intent. But in order to effect the object of all the parties, it was necessary that the deed from Kerr to Miller should be delivered to Miller, and that from Miller and wife and Mead to Kerr should not be delivered to Kerr, but retained by Miller. When no actual or verbal delivery is made, how can it be maintained that an act in furtherance of a purpose in the minds of all the parties is to be regarded as a constructive and effective delivery, when it would frustrate and defeat their main intent? Especially when the act is not in relation to the deed in question, but to another deed to which but two of the persons concerned in the other deeds were parties? But it is contended that if Miller had had the deed to Kerr placed upon record, as he might have done, it would have divested Mrs. Miller of her title. That may be, but that is saying no more than that if the deed had been delivered, it would have vested the title in Kerr,

for it was the understanding of the parties, Kerr included, that it was not to be regarded as delivered until recorded, but if it had been placed upon record by Miller, the law would have presumed a delivery of the deed. *Devorse v. Snyder*, 60 Mo. 240. But is a delivery to be presumed from the ability of the grantor to place it upon record? Or, in other words, because a grantor had it in his power to deliver a deed, is it to be inferred that he did? If so, if one execute a conveyance to another, retaining possession of the deed, and it is found among his papers after his death, the title would pass to the grantee, because the grantor might, if he had chosen, have placed it upon record.

The testimony of Kerr makes it clear that the deed was neither delivered, nor to be delivered, until Miller should see proper to have it recorded. "Miller said he wanted to hold the deeds and not record them, so in case there was difficulty or trouble between his wife and him, he would record them." This is the testimony of Kerr, and this conversation occurred when Kerr was asked to sign the deed. We are of the opinion, that the deed in question was never delivered to Kerr, and that the trustee of Mrs. Miller had never been divested of the legal title, and, therefore, affirm the judgment of the court of appeals. All concur except SHERWOOD, J., absent.