Davis v. Watson.

---

MARGARET DAVIS et vir., Respondents, v. W. S. WATSON, Appellant.

| 89 | 15 |
| 99 | ²132 |

**Kansas City Court of Appeals, May 6, 1901.**

1. **Vendor and Vendee:** EXECUTORY CONTRACT: TITLE: PLEADING. A petition on an executory contract for the sale of land to recover the purchase money and tendering a deed, should aver that the plaintiff had a good and sufficient title which he was ready and willing to convey; and a mere tender of a deed of the property is

not sufficient, and this rule holds even though the interest sold be only an easement.

2. ——— : ——— : ——— : ——— : POSSESSION. A vendee in possession of real property under the contract of purchase can not defeat a suit for the purchase money on account of a defective title, but the petition should allege that the possession is under such contract of sale.

3. ——— : ——— : ——— : ——— : TENDER OF DEED: WAIVER. In an action for the purchase price of a right of way, a petition should allege the vendor's readiness to convey the right of way described in the contract, since the vendee is entitled to the interest contracted for and can not be required to accept a different one; but such defect may be waived by answering over.

4. ——— : ——— : MARRIED WOMEN: COMMON LAW: PURCHASE PRICE. At common law a married woman is not bound by her executory contract to convey her real estate, held by the general title, and such contract could not be enforced in equity, though equity might charge the purchase price, if paid, upon the land.

5. ——— : ——— : ——— : STATUTE. Since the enactment of section 6864, Revised Statutes 1889, a married woman's contract to convey her land is not void for the want of power, even though her husband is still required to join her in a deed for the same.

6. ——— : ——— : RIGHT OF WAY: DESCRIPTION. The description of the right of way contained in a contract, set out in the opinion, is held sufficient, since where a right of way is not defined in the deed it will be construed to be a grant of so much as is reasonably necessary for the purpose intended.

7. ——— : ——— : ——— : ——— : CONSENT. Where the description of a right of way is indefinite, the exercise of the easement in a particular manner with the consent of the grantor renders it fixed and certain.

8. ——— : ——— : EXCLUSIVE RIGHT OF WAY. Where the contract calls for an exclusive right of way, the deed tendered should grant such exclusive right of way, and the omission of the word exclusive will render the deed defective.

9. ——— : ——— : DEED: PURCHASE MONEY: OPTION. Where a contract gives the vendee the option to locate a right of way over certain land, the vendor can not exercise such option for him, and

Davis v. Watson.

as he must tender a sufficient deed as a condition precedent to the recovery of the purchase money, his deed should describe the right of way as the contract does.

10. ——: ——: TENDER OF DEED: CHANGE OF THEORY: APPELLATE PRACTICE. Though the vendee by repudiating the contract in his answer may waive the tender of a deed, yet plaintiff tried this case on no such theory and can not change his theory in the upper court.

11. ——: ——: SUFFICIENT DEED. A contract for the purchase of a right of way for a railroad is not performed by tendering a deed to the county instead of to the purchaser.

12. ——: ——: EXCLUSIVE RIGHT OF WAY. Where at the execution of a contract for the sale of an exclusive right of way over certain lands, the vendor had parted with the title to the mineral under such land and the use of the surface in removing such minerals and right of way therefor, he has not the right to an exclusive right of way and the vendee is not required to accept his deed therefor.

13. ——: ——: TITLE: PURCHASE MONEY: MEASURE OF DAMAGES. Where the vendor retains the title to the land sold, the contract price is not the measure of damages for the vendee's failure to execute the contract.

14. ——: ——: STATUTE OF FRAUDS. An executory contract for the sale of an interest in land set out in the opinion is held not to be within the statute of frauds.

15. ——: ——: STATUTE OF LIMITATIONS: APPELLATE PRACTICE. Where there appears to be no action by the trial court in relation to the applicability of the five years' statute of limitation to an executory contract to the interest in land, the appellate court will not consider the question.

Appeal from Macon Circuit Court.—*Hon. Andrew Ellison, Judge.*

REVERSED AND REMANDED.

*Dysart & Mitchell* and *Ben Eli Guthrie* for appellant.

Vol 89 app—2

(1)   Plaintiffs' petition does not state facts sufficient to constitute a cause of action.   It does not allege that plaintiffs had a good and sufficient title free from all incumbrances which they were ready and willing to convey.   Turner v. Ogden, 1 Black (S. C., U. S.), 450; s. c. (Law's Ed.), Book 17, p. 203; Scudder v. Waddingham, 7 Mo. App. 26; Wellman v. Dismukes, 42 Mo. 101, 105, 106; Cress v. Blodgett, 64 Mo. 449, 451; Dietrich v. Franz, 47 Mo 85.   (2)   The petition nowhere alleges that the deed tendered is in accordance with the contract or that it conveys the estate contracted to be conveyed. McLeod v. Snyder, 110 Mo. 298, 302; Olmstead v. Smith, 87 Mo. 602, 606, 607; Thompson v. Craig, 64 Mo. 312, 316; Isaacs v. Skrainka, 95 Mo. 517, 524; Sudg. Vend. (13 Ed.), 14; Rawle Cov. 430; Burwell v. Jackson, 9 N. Y. 535; Delavan v. Duncan, 49 N. Y. 485; Moore v. Williams, 115 N. Y. 586; s. c. 5 L. R. A. 654, 656, 657, 658.   (4)   There is no sufficient allegation of possession by the defendant under the contract, in fact, there seems to be an allegation so guarded that it denies that the defendant went into possession under the contract.   (5) A contract for the purchase of land to be enforcible against one party must also be enforcible upon the other. The vendor and the vendee alike must be mutually bound by the respective covenants of the contract.   Bisham, sec. 364; Glass v. Rowe, 103 Mo. 513; Warren v. Castello, 109 Mo. 338; Marble Co. v. Ripley, 10 Wall. 339, 343; 22 Am. and Eng. Ency. of Law, p. 1019; Alworth v. Seymore, 42 Min. 526. The vendor can not force the vendee to execute his part of the contract unless the vendee can likewise compel the vendor to perform his part.   McReynolds v. Grubb, 150 Mo. 352.   (6) The contract in question is the executory contract of a married woman and could not be enforced against her, since it related to her real estate held by the general title and was never acknowledged.   Bagby v. Emberson, 79 Mo. 139; Bartlett v.

O'Donoghue, 72 Mo. 563; Goff v. Roberts, 72 Mo. 570; Hoskinson v. Adkins, 77 Mo. 537; Shroyer v. Nickell, 55 Mo. 264; Brown v. Dressler, 125 Mo. 589; Farr v. Scott, 4 Brews. (Pa.), 49; Ridley v. Ennis, 70 Ala. 463; Gwin v. Smurr, 101 Mo. 550; Rush v. Brown, 101 Mo. 586; Bishop on Married Women, sec. 250; Lanier v. Ross, 1 Dev. and Battle, Eq. 39, 40; see note to sec. 940; Beach on Mod. Law of Contr., and authorities there cited, sec. 941, p. 1189, note 3; Railroad v. Dunlop, 86 Va. 346; McReynolds v. Grubb, 150 Mo. 352; see authorities, supra; Clay v. Mayr, 144 Mo. 376; s. c. 46 S. W. Rep. 157; Fuhr v. Dean, 26 Mo. 116; House v. Montgomery, 19 Mo. 170; Tatum v. St. Louis, 125 Mo. 647; Railroad v. Dunlop, 86 Va. 346; s. c. 10 S. E. Rep. 239; Luse v. Deitz, 46 Ia. 205. (7) A purchaser is entitled to a good title, especially, where he pays a good price. And this remains true, even though he be in possession under the contract. Though in possession, he may insist upon his rights under the contract of sale, the chief of which is a perfect title to the land. And suit for purchase money is in the nature of a bill for specific performance, and if the title is doubtful, plaintiff can not recover. McLeod v. Snyder, 110 Mo. 298, 302; Luckett v. Williamson, 31 Mo. 54; Murry v. Ellis, 112 Pa. St. 485; Wilson v. Ott, 173 Pa. St. 253; s. c. 51 Am. St. Rep. 767; Simis v. McElroy, 160 N. Y. 156; s. c. 73 Am. St. Rep. 673; Hymers v. Branch, 6 Mo. App. 511; Jeffries v. Jeffries, 117 Mass. 184; Rozier v. Graham, 146 Mo. 352, 361; Hatch v. Kizer, 140 Ill. 583; s. c. 33 Am. St. Rep. 258; 22 Am. and Eng. Ency. of Law, p. 948; Luckett v. Williamson, 31 Mo. 54. The answer pleads the statute of frauds. There is no description of the right of way sold. And the description can not be shown by parol, it must be in writing. Fox v. Courtney, 111 Mo. 147; Reed v. Lowe (Utah), 29 Pac. Rep. 740; Hamilton v. Harvey, 121 Ill. 469; s. c. 2

Am. St. Rep. 118; Holmes v. Evans, 48 Miss. 247; s. c. 12 Am. Rep. 372; Ringer v. Holtzclaw, 112 Mo. 519; Shelton v. Church, 10 Mo. 774; 22 Am. and Eng. Ency. of Law, pp. 963, 1006.

*W. H. Sears, Robt. W. Barrow* and *Dan R. Hughes* for respondent.

(1)   Since 1889 a married woman has had full power to contract with regard to her property, both personal and real, and these contracts are binding both on her and on those with whom she contracts.   This is expressly provided by statute and repeatedly affirmed by the decisions of our courts.   Huss v. Culver, 70 Mo. App. 514; Niemeyer v. Niemeyer, 70 Mo. App. 609; Long v. Martin, 71 Mo. App. 569; Hiltenbrandt v. Robitzsch, 62 Mo. App. 439; Goldsmith v. Taussig, 60 Mo. App. 460; McCorkle v. Goldsmith, 60 Mo. App. 475; Brown v. Dressler, 125 Mo. 593; R. S. 1899, sec. 4335; R. S. 1889, sec. 6864.   (2)   Where the defects of title are in view at the time the contract is made, and the vendor expressly sells such title only as he possesses, without binding himself to warrant the title in any way, he may enforce his contract against the purchaser and compel the acceptance of such title as the parties contemplated in the original agreement.   Broyles v. Bee, 18 W. Va. 514; 22 Am. and Eng. Ency. of Law 961; Blakeman v. Kimmers, 8 Baxt. (Tenn.) 470; Wienie v. Reynolds, 6 Paige (N. Y.) 407; Blakeman v. Timmons, 8 Baxt. (Tenn.) 470; Palmer v. Richardson, 3 Strable E. Q. (S. Car.) 16; Knox v. Spratt, 23 Fla. 64; Broeck v. Livingston, 1 John Ch. N. Y. 357; Robinson v. Thailkill, 110 Ind. 117; Ellis v. Bassett, 128 Ill. 118; 25 A. S. R. 421; 10 Am. and Eng. Ency. of Law, 428; Hughes v. McKinsey, 5 T. B. Mon. (Ky.) 38; Canton Co. v. Railroad, 79 Md. 424; 29 Atl. Rep. 821; Wil-

loughby v. Lawrence, 116 Ill. 11; 56 Am. Rep. 758; Joy v. St. Louis, 138 U. S. 1. (3) The law is well settled in Missouri that a vendee who goes into possession of land under a contract of purchase can not defend against a suit for purchase money on account of the defective title to the land while he retains possession of the land. Smith v. Busby, 15 Mo. 388; Ash v. Holder, 36 Mo. 163; Isler v. Egger, 17 Mo. 332; Key v. Jennings, 66 Mo. 356; Mitchell v. McMullen, 59 Mo. 252; Connor v. Eddy, 25 Mo. 75; Cooley v. Rankin, 11 Mo. 645; Edington v. Nix, 49 Mo. 134; Bryan v. Hitchcock, 43 Mo. 531; Langdon v. Green, 49 Mo. 363; Holland v. Anderson, 38 Mo. 55; Harvey v. Morris, 63 Mo. 475; Pershing v. Canfield, 70 Mo. 140; Lewis v. West, 23 Mo. App. 503; 22 Am. and Eng. Ency. of Law (1 Ed.), pp. 951, 960, and cases cited; Gans v. Renshaw, 2 Pa. St. 34; 44 Am. Dec. 152; Kennedy v. Woolfolk, 3 Hayw. (Tenn.) 195. (4) A right of way does not include the title to the land. Munkers v. Railroad, 60 Mo. 334; Baker v. Railroad, 57 Mo. 265; Black and Snyder v. Crowther and Andriano, 74 Mo. App. 480; Washburn on Easements and Servitudes, 231; 2 Wash. on R. P. (5 Ed.), p. 279; necessary for the mill, etc., same, vol. 2, p. 308; Biles v. Tacoma, 5 Wash. 509; 32 Pac. Rep. 211; Dunston v. Railroad, 2 N. D. 45; 49 N. W. Rep. 426; Railroad v. Babcock, 6 Metcalf (Mass.) 346; Railroad v. Bennett, 67 Miss. 579; 5 So. Rep. 549; Morrill v. Railroad 96 Mo. 174; Tiedeman on Real Prop. sec. 603. (5) The reservation of the coal and minerals, with the right to mine for and remove the same, carries only a mining right. The only right of way carried by this reservation is the right of way to haul off the coal mined on this land, and does not include the right of way to haul coal mined on other lands across the Davis land. Bainbridge on Mines, chap. 4, sec. 2; Farnum v. Platt, 8 Pick. (Mass.) 339; 19 Am. Dec. 330; 15 Am. and Eng. Ency. of

Law, 588; Bainbridge on Mines, pp. 68, 101, 102; Williams v. Gibson, 84 Ala. 228; s. c. 5 A. S. R. 368; Marvin v. Iron Co., 55 N. Y. 538; s. c. 14 Am. Rep. 322. (6) Plaintiff has two good reasons for not tendering a deed before suit or at the trial. First. The defendant, under the contract sued on, had the right to locate the right of way, and until defendant should so locate the right of way it was impossible for plaintiff to tender him a proper deed, and defendant can not take advantage of his own failure to locate his right of way by objecting that plaintiff has made no tender. Second. Defendant, by his statements before trial and by answer at the trial, under which he is still defending his case, expressly repudiates the contract and denies his intention to fulfill his part of it. Hence he has clearly waived the tender of the deed. Black & Snyder v. Crowther & Andriano, 74 Mo. App. 480; Mastin v. Grimes, 88 Mo. 478; Deichmann v. Deichmann, 49 Mo. 107; Cary v. Smith, 2 N. Y. 60; 1 Beach on Modern Contracts, p. 300, sec. 240. (7) Tender is not necessary. McManns v. Gregory, 16 Mo. App. 375; Deichmann v. Deichmann, 49 Mo. 107; Lumber Co. v. Warner, 93 Mo. 388; Girard v. Car Wheel Co., 123 Mo. 371; Jenkins v. Harrison, 66 Ala. 345; Forayth v. McCanley, 48 Ga. 402; Baldwin v. Salter, 8 Paige, N. Y. 473; Church v. State, 1 A. K. Marsh Ky. 328; Cox v. Boyd, 38 Ala. 42; Jordan v. Deaton, 23 Ark. 704; Babcock v. Emrick, 64 How. Pr. N. Y. 435; Minneapolis v. Cox, 76 Ia. 306; Mitchell v. Long, 5 Litt. Ky. 71; Cole v. Barney, 1st Gill & J. Md. 324; Clark v. Sears, 3 Ia. 104; Johnson v. Mitchell, 1 A. K. Marsh, Ky. 229; 10 Am. Dec. 727; Fitzgerald v. Britt, 43 Ia. 498. (8) When the grant of the easement is in general and unlimited terms, the grantee takes to the fullest extent of the grant as the grant will be construed in favor of the grantee. Miller v. Bristol, 12 Pick (Mass.) 553; Farnum v. Platt, 8 Pick (Mass.) 339;

Lovell v. Smith, 3 C. B. N. S. 120; Wynkoop v. Burger, 12 Johns (N. Y.) 222; Taylor v. Whitehead, 2 Douglas 745 (9) Defendant has waived any irregularities in plaintiffs' petition by answering and going to trial. Directly in point see Black & Snyder v. Crowther & Andriano, 74 Mo. App. 480; Davis v. Watson, 59 S. W. Rep. 65.

SMITH, P. J.—This is an action to recover damages for the non-performance of a contract relating to the sale of an interest in land. The contract is alleged in the petition to be as follows:

"Bevier, Mo., Nov. 14, 1890.

"This agreement certifies that Wesley H. Loomis and Wm. S. Watson have this day purchased from James W. Davis and Margaret Davis, his wife, for one thousand dollars, the exclusive right of way for any railroad or switch or railroad purposes over his farm of eighty acres.

"If we build a switch, we will occupy only seventy feet in width up the ravine, namely, the south half of the southwest quarter of section fifteen, township fifty-seven, range fifteen, together with the privilege of purchasing his farm named above for four thousand dollars at any time prior to March 1, 1891, that is, $3,000 in addition to the $1,000 for the exclusive right of way.

"In consideration of the above agreement all parties have signed their names hereto and the receipt of ten dollars earnest money is hereby acknowledged by James W. Davis.

"James W. Davis,
"Wesley H. Loomis,
"W. S. Watson,
"Margaret Davis."

"Witness:     Jno. H. Gay,
              "Notary Public.          [SEAL]."

The further allegations of the petition were as follows:

"Plaintiffs allege that they have duly performed all the conditions of said contract on their part to be performed; that they have at all times been ready and willing to make a conveyance of the exclusive right of way over their land mentioned in the above contract and that they now tender into court a deed for said right of way to be delivered to the defendant upon payment by him of the consideration named therein.

"The plaintiffs further state that the defendant has caused to be built and is now using a railroad switch over the land and along the line described in the contract; and that he has wholly failed, refused and neglected, and still fails, refuses and neglects to pay the plaintiffs the balance due on said contract, to-wit, the sum of nine hundred and ninety dollars," etc.

I. There was a trial at the inception of which the defendant objected to the introduction of any evidence on the ground that the petition failed to state facts sufficient to constitute a cause of action. Under this general objection, the defendant contends that the allegation of the petition that plaintiffs had duly performed all the conditions of the contract, and that they were ready and willing to make a conveyance of the right of way therein mentioned upon payment of the consideration therein specified, is insufficient in that it does not allege that plaintiffs had a good and sufficient title which they were ready and willing to convey.

In Rawle on Covenants for title, section 319, it is stated that: "Although the general principles of the contract of the sale of real estate, both in this country and England, exact less from the vendor than the rules of the civil law demand, yet while the contract is still executory they recognize and enforce the right of the purchaser to a title clear of defects and incumbrances and this right does not depend upon the terms of the contract but is given by law." And this statement of law is

quoted with approval by the New York Court of Appeals in Moore v. Williams, 115 N. Y. 586. In Swayne v. Lyon, 67 Pa. 436, it was said by Judge SHARSWOOD, that it has been wisely settled that under a contract for sale of real estate the vendee has the right not merely to have conveyed to him a good title but an indubitable one. In Dobbs v. Norris, 24 N. J. Eq. 327, it was declared that "every purchaser of land has a right to demand a title which shall put him in all reasonable security and which will protect him from anxiety, lest annoying, if not successful, suits be brought against him and probably take from him the land upon which his money was invested. He should have a title which would enable him not only to hold his land but to hold it in peace, and if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its market value." Mastin v. Grimes, 88 Mo. (loc. cit.) 490. In Wellman's Adm'r v. Dismukes, 42 Mo. 101, it was said that while the contract remains executory the law recognizes the right of the purchaser to a title clear of all incumbrances and defects. The vendor can not recover without exhibiting an ability to comply with the stipulations and agreements contained in his covenants. In Washington v. Ogden, 1 Black 450, the action was one on a contract whereby the vendor agreed to sell the vendee certain real property for a certain sum of money, and that within the next sixty days after the payment of a specified part of the purchase money by the vendees the vendor was to make a *deed* to the vendees. The declaration alleged that the plaintiff—the vendor—had *been ready and willing* to receive the purchase money and to *deliver the deed of the property*. In the course of the opinion delivered by the court in the case it is *inter alia* said: "There is no averment in the *narr* that the plaintiff had a good and sufficient title, free from all incumbrance, which he was ready and willing to convey. It is true, the words of his covenant

are, "that he will make a deed" to his vendees on receipt of the first installment. But the meaning of these words in the contract requires that the deed shall convey the land, and it is not sufficient to aver his readiness to perform merely according to the letter of the contract." And this is the rule in this State. Cress v. Blodgett, 64 Mo. 449.

As the construction of the contract by the plaintiffs, as appears from their petition, is that the obligation on their part to convey the property and that on the part of defendant to pay the contract price are mutual in the sense that one is a condition precedent to the other, it follows that there can be no question as to the application of the rule. Nor do we think the rule inapplicable because the interest in the land which the plaintiffs under the contract were required to convey was less than the entire estate. In such case a vendee who contracts for the purchase of any permanent interest in the land of the vendor, which is required by law to be conveyed by deed, is as much entitled to the protection of the rule as though he had contracted for the entire estate. Upon principle this must be so. Fuhr v. Dean, 26 Mo. 116.

But the plaintiffs insist that the foregoing objection to the sufficiency of their petition is not available to defendant because it appears from other allegations of that pleading that he took possession of the right of way over the land under the contract and retains the same. There is no doubt but that the rule is firmly settled in this State by an unbroken line of judicial decisions to the effect that when a vendee goes into possession of real property under a contract of purchase he can not defend against a suit for the purchase money on account of defective title while he retains possession. Smith v. Busby, 15 Mo. 388, and other cases cited in plaintiffs' brief. But can the plaintiffs invoke the application of this rule to cure the defective allegation of their petition? We do not think they can for

the reason that it is nowhere therein alleged that the defendant entered into the possession of the interest in the land which plaintiffs had covenanted to convey to him, or that he was still so in possession. Nor is there to be found therein any equivalent allegation.

Recurring further to the allegation of the petition, and it will be seen that it is not therein alleged that the plaintiffs are ready and willing to execute a conveyance of the right of way as described in the contract, or that they tendered such a conveyance. The defendant was entitled to the tender of a deed conveying the interest in the land which he had contracted for and could not be required to accept a different one. As the tender of a deed, conveying a good title to the interest in the land described in the contract, is a condition precedent to the right to exact the payment of the purchase price, it must follow that the allegation is insufficient. Pershing v. Canfield, 70 Mo. 140; McLeod v. Snyder, 110 Mo. 298; Olmstead v. Smith, 87 Mo. 602.

But the defect was waived by the defendant's answering and going to trial. Black v. Crowther, 74 Mo. App. 480.

And we may add that such defects under section 672, Revised Statutes 1899, after verdict are cured, where it appears that the omitted allegations of fact were proved.

II. The defendant objects that the executory contract here sued on is that of a married woman which can not be enforced against her since it related to her estate held by general title and was not acknowledged. It appears from the record before us that the plaintiff, Margaret Davis, while a married woman, acquired the land by the general title prior to the enactment of section 6869, Revised Statutes 1889. The contract between her and the defendant, in relation to the sale of an interest therein, was made in the year 1890 and the question now is, whether it is valid and binding. In Bishop on Married

Women, section 601, it is stated: "Though the statutes au-
thorize femes covert to convey their lands and the authority
ought to be construed to comprehend everything properly be-
longing to the contract of actual sale, yet it does not qualify
them to enter into a valid executory agreement to sell; for a
prior agreement to sell is not an essential part of the actual
selling * * *. No executory agreement to convey, formal
or informal, with or without the concurrence and joinder of the
husband, will bind the wife. Not even a court of equity will
give such an agreement effect by decreeing its fulfillment
against her." It is thus seen that at common law the contract
of a married woman to convey land, held simply in her own
right, was not enforcible whether in making it she joins her
husband or not. And courts of equity will not compel a mar-
ried woman to specially perform her written agreement to con-
vey her real estate in which she holds but a fee simple. State
v. Clay, 100 Mo. 571; Shroyer v. Nickell, 55 Mo. 264; Atkin-
son v. Henry, 80 Mo. 151; McReynolds v. Grugg, 150 Mo.
352. The farthest that such courts have gone, in cases where
a married woman has received the purchase money of land and
fails from any cause to make an effectual conveyance thereto,
is to declare the land bound for the repayment of the purchase
money. Atkinson v. Henry, supra; Shroyer v. Nickell, supra;
Pilcher v. Smith, 2 Head, 208. Prior to the enactment of said
section 6869, the only way that a married woman, when pos-
sessed of legal title to lands in her own right, could manifest
her intention to convey or her consent to the conveyance of her
interest in such lands was by deed executed in conjunction with
her husband and acknowledged as the statute prescribed. De-
vorse v. Snider, 60 Mo. 235; Atkinson v. Henry, supra; Hord
v. Taubman, 79 Mo. 101; Mueller v. Kaessman, 84 Mo. 318;
Ault v. Eller, 38 Mo. App. 598. And as the interest of the
plaintiff in the lands to which the contract in question relates is

an estate in fee simple as at common law governed by princi-
ples applicable to such an estate and not by these applicable to
a married woman's equitable estate or to her estate in lands
acquired in the manner specified in said section 6869, it fol-
lows that this section has no bearing on the question we are now
considering.    Brown v. Dressler, 125 Mo. 589.

The contract would, it is clear, be invalid and unenforcible
as the law stood for many years prior to the enactment in 1889
of section 6864.    In Brown v. Dressler, supra, it is held that
under the liberal and widely comprehensive power conferred
upon a married woman by said section 6864, she may enter
into a written contract for the sale of her land the same as if
she were feme sole, and that such contract would be upheld and
enforced.    This case further holds that while a married woman
is invested, by said section, with the power by contract to bind
her real property—in which she has a legal estate—she can
not, however, convey the same asbolutely by deed without the
knowledge and acquiescence of her husband, or, in other words,
she must convey in the manner required of married women by
the statute: that is, by a joint deed with her husband.    We,
therefore, conclude that the said contract is not void on account
of the want of power in the plaintiff, Margaret Davis, to bind
herself thereby, and that if it is in other respects valid, that an
action would lie thereon against the defendant for non-perform-
ance.

III.    The defendant further complains that the trial
court erred in admitting the said contract in evidence for the
reason that the description of the right of way therein contained
is insufficient to identify the same.    Under the contract the
defendant purchased "the exclusive right of way for any rail-
road or switch or railroad purposes over" the plaintiffs' eighty
acre tract.    A way is defined to be an incorporeal hereditament
and consists in the right of passing over another's land.    It

may arise from grant, necessity or prescription. The right of way to be granted for a railroad or railroad purposes under the contract was a floating right exercisable over any portion of the eighty acres until located. There was no limit fixed by the contract on the width of the way. If, however, as the contract provides, the defendant elected to build a switch, then he should "occupy only seventy feet in width up the ravine." If this option was exercised, then every other portion of the land would be excepted from the operation of the deed. While certainty in the written description of land is required, the identification may sufficiently appear from some reference in the contract to external matters by which it can be identified by extrinsic evidence. Fox v. Courtney, 111 Mo. 147, and authorities there cited. Under the contract, a switch seventy feet wide was to be located along the ravine. Now this reference would justify the reception of parol evidence to show the location of the ravine and consequently that of the way; especially so if there was but one ravine on the tract. This description as to the way for the switch, we think, is sufficient. And where the width of a right of way granted be not defined in the deed, it will be construed to be a grant of so much as is reasonably necessary for the purpose for which it is granted. 11 Washburn on Real Prop., p. 311.

And it will be seen from numerous authorities cited in plaintiff's brief that, in cases where the description of a right of way in a contract is indefinite as to location and description, the exercise of the easement in a particular course or manner with the consent or acquiescence of the grantor renders it fixed and certain. If, therefore, the plaintiffs adduced substantial evidence tending to show the exercise by the defendant of an easement over the land under the contract with her acquiescence or consent, this rendered the contract admissible though not so in the first instance. But whether the defendant ad-

·duced such evidence or not we think the description of the way contained in the contract sufficiently definite and certain.

IV. The plaintiff, by her contract, bound herself to ·deliver the defendant a deed conveying the *exclusive* right ·of way for any one of the three purposes therein named. By the word *exclusive* the parties no doubt intended that defendant should have a monopoly of the right of way over the plaintiffs' land for railroad or switch purposes. The exclusiveness of this right probably constituted its chief value. It may have been the controlling inducement to the purchase. The deed ten-dered by the plaintiff should have contained a grant of the *exclusive* right called for by her contract, and as it contained no such grant it was not the kind of deed which defendant was required to accept.

Another reason why the defendant was not required to accept the deed is that it grants "a strip of land seventy feet wide commencing five hundred and five feet west of the south-east corner of the southwest quarter of the southwest quarter of section 15, township 57, range 15, thence in a northwestwardly direction passing. on the west side of a ravine in said quarter quarter section terminating at a point one hundred and sixty feet east of the northwest corner of said quarter section * * * for the purpose of establishing a railroad switch on said land forever." It is conceded, in the brief of counsel for plain-tiffs, that the deed was not that required by the contract, but the excuse is made for the default that the defendant had not under the contract exercised his option as respects the location of a right of way over the land, and that until he did so it was impossible for plaintiff to tender him a proper deed. · This was no excuse. A deed granting the right of way as described in the contract would doubtless have been sufficient. The plain-tiff's concession was wholly inconsistent with the theory on which they seek a recovery as disclosed by their petition. Such

concession is in effect an admission that the plaintiffs did not tender the deed required by the contract, and therefore it disproves performance on their part.

Again, if the defendant had not taken possession and exercised one of his options as to the location of the way, certainly the plaintiffs could not exercise such option for him by conveying the location selected by them and thus deprive the defendant of the right to exercise the options expressly conferred by the contract. The defendant had the right to a deed which conveyed to him what he contracted for before he paid the residue of the purchase price, and under the contract the execution and the delivery of the deed were to be concurrent and contemporaneous acts; and payment of the purchase money ought not to be coerced without the delivery, or at least the tender, of a deed sufficient in all respects to meet the requirements of the contract. McLeod v. Snider, supra, and cases there cited.

But the plaintiffs contend that the defendant, by his answer repudiating the contract, waived the tender of the deed. This contention is supported by the authorities. Black v. Crowther, supra; Deichmann v. Deichmann, 49 Mo. 107; Mastin v. Grimes, 88 Mo. 478. But *vide,* Olmstead v. Smith, 87 Mo. (loc. cit.) 606. It may be that the defendant waived his right to a tender of the deed, but the case was tried on no such theory. The plaintiffs, by the allegations of their petition, tendered the deed to the court, and at the trial they introduced it in evidence so that the issue of waiver is injected into the case here for the first time. The question, therefore, is not whether the plaintiffs were bound to tender a deed, but whether that which they did tender fulfilled the requirements of the contract.

In the further consideration of the question of the sufficiency of the deed under the implications of the contract, it is

to be observed that the deed is to Macon county and not to defendant, nor to defendant and Loomis. This we can not think is a sufficient performance. If the defendant should pay the judgment and lay his hands on the deed tendered, would he thereby acquire title to the interest he bargained for in plaintiffs' lands? If any title passed by the deed it would not be in defendant. He would thus be in the situation of having paid the purchase money without either possession or title.

But had the plaintiffs' title to the interest which they sold to defendant, and had they a right to convey the same? It appears from the evidence that the plaintiff, Margaret Davis, in June, 1869, acquired of the Central Coal Company the land referred to in the deed of plaintiff to the defendant under a warranty deed in which there was a reservation that the grantor and its assigns should have the right to remove coal from under the surface of the land and to sink such air shafts as were necessary for mining and removing coal. A few days after the acquisition of the title to said land under the deed of the Central Coal Company, the plaintiffs executed to said Coal Company a ninety-nine year lease whereby they conveyed the *exclusive* right and privilege of boring, digging for coal, etc., and of "taking out and working the same together *with the way and surface* use of such land as may be necessary for the economical and efficient working of the same," etc. It further appears that in May, 1893, the Loomis Coal Company, after having acquired the interest of the Central Coal Company in the plaintiffs' land, became insolvent, and in an action against it in a Federal court one Bovard was appointed its receiver. Bovard, immediately after his appointment, sunk a shaft on the plaintiffs' land and constructed a railroad track or switch from the K. & T. Black Diamond railroad to this shaft, and from thence on through to the shaft of another mine located on

Vol 89 app—3

land lying to the south of that of plaintiffs'. Bovard operated said mine and railroad for something like three years when the interest of the Loomis Coal Company, which he represented, was sold under an order of the court. Under some kind of an arrangement—not clearly appearing—between Bovard and defendant, the latter acquired the right to use the railroad switch built by the former.

There is no pretense that the defendant, before this time, was ever in possession of this switchway. It does not seem that he ever went into possession under his contract with plaintiff, nor was he entitled to do so under such contract before he performed the conditions which entitled him to a deed, or until he paid the purchase money. De Bernardi v. McElroy, 110 Mo. 650; Erwin v. Olmstead, 7 Cowan, 229. So far as we are able to discover, it is neither alleged nor proved that the defendant went into possession under the contract. We can not see how the entry into possession under the arrangement with Bovard can be deemed an entry under the defendant's contract with plaintiff.

In this condition of the plaintiffs' title, it would seem to us that they were hardly in a situation in respect thereto to perform the contract according to its requirements, but if they were, their quitclaim deed to Macon county, even had the description therein been proper, without any covenant or assurance against the adverse rights and interests of others acquired under prior grants to them by the plaintiffs, did not meet the requirement of the contract. These were outstanding titles. Wardell v. Watson, 93 Mo. 107; Greffet v. Willman, 114 Mo. 106.

Accordingly, we think that the plaintiff did not tender a deed that the defendant was required to accept, or that was such as the implications of the contract required. We can not see how the tender of that kind of a deed constituted performance.

It appears that the plaintiffs did not own the exclusive right to the surface of their land and, therefore, they could not convey something they did not have. Their deed was, as we think, ineffectual to pass to the defendant the exclusive right which he was entitled to have conveyed to him under the contract, and, therefore, it should not have been received as evidence of performance.

V. The plaintiffs still have all the title they had at the date of the contract. They have made no effectual conveyance to the defendant, nor has there been an acceptance of such deed. The plaintiffs have the title and a judgment for the contract price. If they retain the title contracted to the defendant, it is clear that they ought not to recover, as they evidently have done, the contract price as the measure of their damages.

VI. The defendant in his brief has made the point that the contract is within the statute of frauds. Although we can not see from the record that this issue was presented or considered by the court at the trial, we may say that for the reasons sufficiently hereinbefore appearing we think the point is not well made.

VII. The defendant also insists that the plaintiffs' action is barred by the five-year statute of limitations, but as there were no instructions requested by the parties or given by the court nor any special finding of fact or conclusions of law, nor is there anything in the judgment showing that the court considered the case on any such theory, for that reason we do not feel at liberty to notice this point.

The judgment will be reversed and cause remanded. All concur.